UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| QUINCY WHITTINGTON; | § | |
| HENRY M. JOHNSON, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-06-0011 |
| | § | |
| CITY OF CUERO, TEXAS, *et al.* | § | |
| | § | |
| **Defendants.** | § | |

ORDER

Pending before the Court is Plaintiffs' Motion to Compel as to Defendants, DeWitt County, Gary "Duke" Edwards and Brandon Riedel.[1]  (Dkt. #32-1).  Having considered the motion, response and the relevant law, the Court is of the opinion that Plaintiffs' motion should be GRANTED in part and DENIED in part.

Plaintiffs Quincy Whittington ("Whittington") and Henry Johnson ("Johnson") maintain that: (1) Defendants have not complied with several Requests for Production; (2) Initial Disclosures have not been made by all Defendants; (3) Defendant DeWitt County has not

---

[1] Defendants DeWitt County, Gary "Duke" Edwards and Brandon Riedel complain that they did not receive proper service of this motion at the time it was filed with the Court. The Court observes that counsel for these defendants, Mr.Wesley Clayton Cain, is not listed on the CM/ECF system as having an email address for notification purposes.  Under these circumstances, Mr. Cain is not notified of new filings by email.  Therefore, proper notice is not achieved by merely filing moving papers on the CM/ECF system.  Nonetheless, DeWitt County, Gary "Duke" Edwards and Brandon Reidel have responded to Plaintiffs' motion to compel within 20 days of formal notice via fax.  (Dkt. #43 at 1-2).  Accordingly, the Court will address the merits of the motion and response.

1

responded adequately to several Interrogatories; and (4) Deputy Gary "Duke" Edwards

("Edwards") and Deputy Brandon Riedel ("Riedel") have not responded adequately to several

Interrogatories.  The Court will address each of these points in turn.

## I.  Requests for Production

According to Plaintiffs, Defendants have agreed to produce various documents and things

responsive to Plaintiffs' Requests for Production.  These documents and things include: (1) a

videotape; (2) a jail file; (3) Gary Edwards, Brandon Riedel and Michael Browning reports; (4)

arrest reports; (5) redacted personnel files; (6) mug shots; (7) dispatcher recordings; (8) DeWitt

County Sheriff Policy and Procedure Manual; and (9) Henry Johnson's medical records.  On

February 9, 2007, Plaintiffs represented to the Court that several of these documents and things

had not been produced.  (Dkt. #42 at 2).  On February 14, 2007, Defendants represented that they

have produced each document and thing referenced above.  (Dkt. #43 at 2).  The Court finds

each of the requested documents and things to be relevant and their production to be not unduly

burdensome.  Accordingly, it is ORDERED that Defendants produce any documents listed above

which have not yet been produced within ten days (10) of the entry of this Order.[2]

Plaintiffs further complain that despite Defendant DeWitt County's statement that it "will

supplement" its response to Request for Production No. 32, no documents have yet been

produced.  This request asks for precautionary labeling on various equipment.  (Dkt. #32-1 at 3).

The Court finds that the requested information is relevant and its production is not unduly

_____

[2] Defendants complain that they are unable to determine whether Plaintiffs' requested
information is requested in regard to Whittington or Johnson.  The Court determines that
Defendants should treat Plaintiffs' requests as applying to both plaintiffs unless the requests
explicitly apply to a single plaintiff.

burdensome.  Accordingly, it is ORDERED that DeWitt County produce all discovery

responsive to Request for Production No. 32 which has not yet been produced within ten (10)

days of the entry of this Order.

## II.  Initial Disclosures

Plaintiffs maintain that they have not received Federal Rule of Civil Procedure 26 Initial

Disclosures under from: (1) DeWitt County; (2) Gary "Duke" Edwards; and (3) Brandon Riedel.

As of February 13, 2007, Defendants maintain that they have produced Initial Disclosures.  (Dkt.

#43 at 2).  Corresponding Initial Disclosures have been filed with the Court.  (Dkt. #44).

Accordingly, Plaintiffs' motion to compel as to these Initial Disclosures is DENIED as moot.

## III.  Interrogatories Pertaining to Dewitt County

Plaintiffs maintain that DeWitt County should be compelled to respond adequately to

Interrogatory Nos. 7, 9, 10, 16 and 21.  The Court will examine each of Plaintiffs' complaints in

turn.

### A.  Interrogatory No. 7

Plaintiffs' maintain that DeWitt County should be compelled to respond adequately to

Interrogatory No. 7, which requests information related to all training courses from 1995 through

2006.  (Dkt. #32-1 at 5).  Plaintiffs' have voluntarily narrowed their request to the period from

2000 to 2006.  Defendants' argue that Plaintiffs' request does not reference Whittington or

Johnson, and is therefore unclear.  Nonetheless, Defendants have agreed to respond to

Interrogatory No. 7 as limited by Plaintiffs.  The Court finds that the information requested, as

limited by Plaintiffs, is relevant and is not unduly burdensome.  Accordingly, it is ORDERED

that DeWitt County adequately respond to Interrogatory No. 7 for the period from 2000 to 2006

within ten (10) days of the entry of this Order.

**B.  Interrogatory No. 9**

Plaintiffs' complain that DeWitt County has not provided information related to Interrogatory No. 9 as requested in Plaintiffs' correspondence to Defendants.  Interrogatory No. 9 involves information regarding administrative disciplinary proceedings.  (Dkt. #32-1 at 6). Specifically, the information sought was requested as follows: "[p]lease tell us the date of the incident leading to the disciplinary action, the date of the disciplinary action was taken and the name of the person on subject whose rights were violated."  In response, DeWitt County argues that its response to Interrogatory No. 9 is adequate and further information requested through Plaintiffs' correspondence constitutes an inappropriate additional interrogatory.  The Court finds that the information requested in Plaintiffs' correspondence is relevant and not unduly burdensome.  To the extent that Plaintiffs' request quoted above is an additional interrogatory, the Court hereby GRANTS Plaintiffs leave to propound this interrogatory.  Accordingly, it is ORDERED that DeWitt County provide within ten (10) days of the entry of this Order: (1) the date of the incident leading to the disciplinary action; (2) the date of the disciplinary action was taken; and (3) the name of the person or persons subject to the alleged misconduct.

**C.  Interrogatory No. 10**

Plaintiffs' maintain that DeWitt County should be compelled to respond adequately to Interrogatory No. 10, which asks for the content of conversations between any DeWitt County personnel and any other officer pertaining to the incidents involving Whittington and/or Johnson. (Dkt. #32-1 at 6).  DeWitt County has responded by offering to produce reports by Brandon Riedel, Michael Browning and Gary Edwards.  DeWitt County has objected to Interrogatory No.

10, claiming that it is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to admissible evidence.

The Court finds that Plaintiffs' Interrogatory No. 10 seeks relevant information that is reasonably calculated to lead to admissible evidence.  However, the Court acknowledges that requesting the content of all conversations related to the underlying events of a suit at bar is unusual, burdensome and more properly accomplished by the taking of depositions.  Under the circumstances of this case, the Court finds that Plaintiffs' Interrogatory No. 10 is unduly burdensome.  Accordingly, Defendants' objections to Plaintiffs' Interrogatory No. 10 are SUSTAINED.

### D.  Interrogatory No. 16

Plaintiffs' maintain that DeWitt County should be compelled to respond adequately to Interrogatory No. 16, which asks for information regarding any claims brought against "this Defendant" because of conduct similar to the alleged bases of the suit at bar.  (Dkt. #32-1 at 7).  Plaintiffs have voluntarily offered to restrict their request to information pertaining to the period from 2000 to 2006.  DeWitt County has stated that "no complaints, claims or lawsuits have been brought against Sheriff Joe Zeveske."  Furthermore, DeWitt County has objected to Interrogatory No. 16, claiming that it is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to admissible evidence.  DeWitt County also maintains that Sheriff Joe Zeveske does not know of any information responsive to Interrogatory No. 16 regarding the period between 2000 and 2006.

Plaintiffs' complain that "Defendant unilaterally restricts its response to Sheriff Joe Zeveske."  The Court, in examining Interrogatory No. 16, observes that Plaintiffs have requested

information about "complaints, claims or lawsuits that have been brought against this Defendant." The Court construes this language to limit the information sought to complaints, claims and lawsuits against DeWitt County.[3] Plaintiffs' Interrogatory, thus construed, is not overly broad, unduly burdensome, irrelevant or not reasonably calculated to lead to admissible evidence. Because DeWitt County references lawsuits filed against Sheriff Joe Zeveske, it is unclear if DeWitt County has adequately responded to Interrogatory No. 16. Accordingly, it is ORDERED that DeWitt County respond adequately to Interrogatory No. 16 for the period from 2000 to 2006 within ten (10) days of the entry of this Order.

### E.  Interrogatory No. 21

Plaintiffs' maintain that DeWitt County should be compelled to respond adequately to Interrogatory No. 21, which asks for information regarding joint training between the DeWitt Sheriff's Department and the City of Cuero Police Department. (Dkt. #32-1 at 7). DeWitt County maintains that its response is adequate because "[t]he persons responding to Interrogatory No. 21 have no further knowledge of the information requested." (Dkt. #43 at 4). Defendants apparently argue that responses to interrogatories may only be derived from personal knowledge. However, it is entirely appropriate to derive information for interrogatory responses from diligent examinations of records. The Court finds that proper discovery is relevant, not unduly burdensome and reasonably calculated to lead to admissible evidence, provided that it is limited to the period from 2000 to 2006. Accordingly, it is ORDERED that DeWitt county

---

[3] The Court notes that a suit against Sheriff Joe Zeveske in his official capacity, if he is considered a policymaker, may effectively be a suit against DeWitt County. *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 483 (5th Cir. 2000).

respond adequately to Interrogatory No. 10 for the period from 2000 to 2006 within ten (10) days of the entry of this Order.

**IV. Interrogatories Pertaining to Gary Edwards and Brandon Riedel**

Plaintiffs maintain that Gary Edwards and Brandon Riedel should be compelled to adequately respond to Interrogatory No. 11, which requests information about joint courses, seminars, classes and meetings. (Dkt. #32-1 at 9). Plaintiffs request that Edwards and Reidel should produce their personnel files and responding to section (d) of Interrogatory No. 11, which requests information regarding joint training programs. Both Edwards and Reidel have objected on the grounds that Interrogatory No. 11 is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to admissible evidence. Furthermore, Edwards and Reidel argue that they do not have any additional personal knowledge responsive to Interrogatory No. 11. Nonetheless, Edwards and Reidel claim to have produced their personnel files.

The Court finds that the information that Plaintiffs request is not overly broad, unduly burdensome, irrelevant or not reasonably calculated to lead to admissible evidence. While Edwards and Riedel may not have personal knowledge regarding joint training programs, it is appropriate for Edwards and Riedel to conduct a diligent examination of records available to them in responding to Interrogatory No. 11. Accordingly, to the extent that such information has not already been provided, it is ORDERED that Gary "Duke" Edwards and Brandon Riedel produce their personnel files and respond adequately to Plaintiffs' Interrogatory No. 11 part (d) for the period of 2000 to 2006 within ten (10) days of the entry of this Order.

**Conclusion**

7

Plaintiffs' Motion to Compel as to Defendants, DeWitt County, Gary "Duke" Edwards and Brandon Riedel (Dkt. #32-1) is GRANTED in part and DENIED in part.

It is so ORDERED.

Signed this 5th day of March, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE